■ In the Matter of the Claim of RAYMOND GREENBLATT, Respondent, v. RAYMAC CABINET Co., INC., et al., Appellants, and FILRAY CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellants appeal from award which assessed 50% liability against the employer and carrier, it being their contention the record fails to substantiate that claimant sustained a second accident on their premises on October 8, 1957. The claimant was president of both the appellant and respondent corporation employers and in complete charge of various businesses. The Raymac Cabinet Company was the manufacturer and the Filray Corporation the selling agency. On the record as developed before the board, it was justified in finding against both carriers. Through a series of errors on the part of appellant employer, reports were made that the accident occurred on October 8. Various doctors either through the claimant's reports or otherwise testified that the accident or accidents involved happened on that date. Although letters were written by the appellant to disregard the earlier reports, it was not until a hearing held on December 5, 1958, subsequent to the medical testimony, that the claimant in his testimony attempted to clarify the situation. As a result of this testimony it seems reasonable to assume that the correct sequence of events was that the claimant was first injured on October 1 while moving some cabinets at the respondent Filray premises, as a result of which he developed severe pain in his back which necessitated his going home. Several days thereafter, to wit, October 8, while still confined to his bed, he received a call from the appellant Raymac Cabinet Company requesting that he come there to aid in straightening out some orders and samples. He went to the premises where he remained for two or three hours; that he was suffering pain when he arose from bed and that

after being at the appellant premises for some time he developed further pain which necessitated his returning home to bed and thereafter the services of his attending physician. There was substantial evidence to sustain the board's memorandum as to the October 1 accident. The testimony as to the accident on October 8 is very limited due primarily to the confusion as to the dates of the accidents but we are satisfied that the evidence is sufficient to sustain the board's memorandum that he sustained his second injury to his back on October 8 while employed at the premises of appellant Raymac Cabinet Company. Decision and award unanimously affirmed, with cost to the respondents against the appellants.